UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ZoomInfo Technologies LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**Salutary Data LLC,**<br><br>    Defendants. | Civil Action No.: |

## COMPLAINT AND JURY DEMAND

1. Plaintiff ZoomInfo Technologies LLC ("ZoomInfo") is a provider of business and contact information for business-to-business sales and marketing. ZoomInfo and defendant Salutary Data LLC ("Salutary") were parties to a contract pursuant to which ZoomInfo licensed proprietary data (the "ZoomInfo Data") to Salutary, subject to certain specified restrictions (the "Agreement"). Salutary has breached the Agreement by sublicensing ZoomInfo's data to third parties on terms that are not permitted by the Agreement and applicable law, resulting in damage to ZoomInfo.

### Parties

2. ZoomInfo is a Delaware limited liability company. Its principal place of business is Vancouver, Washington. ZoomInfo is a successor-in-interest to Zoom Information Inc.

3. Salutary is a Massachusetts limited liability company. Its principal place of business is Lexington, Massachusetts.

22042914-v1

**Factual Background**

A. **ZoomInfo's Proprietary Data**

4.      ZoomInfo licenses information that helps businesses sell and market their products and services directly to other businesses, including contact information for decision-makers and background information on target companies. To this end, ZoomInfo has built and maintains a valuable business information database. ZoomInfo expends substantial resources on personnel and technology to gather, curate, organize, monitor, and deliver this information and database. ZoomInfo employs more than 1,800 individuals.

5.      ZoomInfo's customers pay substantial fees for access to this database, with some customers paying hundreds of thousands of dollars per year.

B. **The Agreement**

6.      Salutary markets itself as a "boutique provider of U.S. B2B contact records," whose "core offering" is providing customers with business contact data fitting their custom business requirements.

7.      In December 2015, Zoom Information Inc. (a predecessor-in-interest to ZoomInfo) and Salutary entered a contract (the "Agreement"). Unlike a typical ZoomInfo customer, Salutary is a sublicensor, and the Agreement permitted Salutary to provide ZoomInfo Data to Salutary's own customers ("Customer Subscribers"). The Agreement was amended five times, mainly to extend its term, and each amendment incorporated the terms and conditions of the Agreement except as specifically modified.  The Agreement is the only contract relevant to the claims in this action.

8.      The Agreement restricts the uses that Salutary and the Customer Subscribers may make of ZoomInfo's data. Section 2.1(a) of the Agreement expressly prohibits Salutary or

Customer Subscribers from accessing ZoomInfo Data for any purpose other than for their own individual, internal company use. Section 2.1(b) expressly prohibits Salutary or Customer Subscribers from reproducing, distributing, displaying, selling, publishing, broadcasting, or circulating ZoomInfo Data to any third-party, except as expressly set forth in the Agreement. Section 2.1(h) expressly prohibits Salutary or Customer Subscribers from modifying, licensing, bartering, or selling ZoomInfo Data except as expressly set forth in the Agreement.

9. The Agreement defines "Customer Subscriber" as "an individual or organization provided access to [Salutary's] Products including for use as part of Customer Subscriber lead generation products and services."

10. Section 4.3 of the Agreement provides ZoomInfo with the right to audit Salutary's use of ZoomInfo's data "to determine compliance with the terms of the Agreement."

**C. Salutary's Wrongful Conduct**

11. In violation of Section 2.1 of the Agreement, Salutary has entered into numerous agreements with Customer Subscribers that permitted those Customers Subscribers to re-distribute data to third parties and did not limit the use of ZoomInfo Data by those Customer Subscribers to individual, internal company use or inclusion in a lead generation product or service. Rather, many of these agreements purport to permit Customer Subscribers to distribute and/or sell ZoomInfo data to any third party without restriction. Entering such agreements and providing ZoomInfo Data to Customer Subscribers pursuant to such terms is, in each case, a breach of the Agreement. These breaches have resulted in damage to ZoomInfo.

12. In addition, on January 19, 2021, ZoomInfo invoked its audit rights under the Agreement and requested that Salutary provide: (1) a complete list of customers and/or third parties to whom Salutary provided ZoomInfo Data; (2) a description of all revenues Salutary

3

received from such customers and/or other third parties in connection with ZoomInfo Data and the basis for the calculation of such revenues; and (3) copies of all contracts between Salutary and any customers and/or other third parties to whom ZoomInfo Data was provided. In breach of Section 4.3 of the Agreement, Salutary refused to provide the names of any of its Subscriber Customers or pricing information.

## Jurisdiction and Venue

13. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Salutary because the contract between the parties contains a venue provision that requires disputes be brought in Massachusetts.  Salutary is also a Massachusetts limited liability company that is headquartered in Massachusetts.

## COUNT I
### (Breach of Contract)

15. ZoomInfo's allegations above are incorporated herein by reference as if fully set forth herein.

16. ZoomInfo and Salutary have been parties to the Agreement, a contract that has been valid and enforceable at all times relevant hereto.

17. ZoomInfo performed all of its obligations under the Agreement.

18. Salutary breached the Agreement by entering agreements with Customer Subscribers upon terms that permitted the use of ZoomInfo Data for purposes prohibited by the Agreement and by providing ZoomInfo Data to Customer Subscribers pursuant to such agreements.

19. The ZoomInfo Data is propriety and commercially valuable, and Salutary's use of the ZoomInfo Data in violation of the terms of the license provided in the Agreement has damaged and continues to damage ZoomInfo.

20. The Agreement gives ZoomInfo the right to audit Salutary's use of the ZoomInfo Data "to determine compliance with the terms of the Agreement."

21. In violation of the Agreement, Salutary refused to provide the names of customers to whom it provided the ZoomInfo Data or related pricing information.

22. ZoomInfo has sustained damages because of Salutary's breaches of the Agreement and Salutary is liable for those damages.

## Count II
### (Breach of the Covenant of Good Faith and Fair Dealing)

23. ZoomInfo's allegations above are incorporated herein by reference as if fully set forth herein.

24. ZoomInfo and Salutary have been parties to the Agreement, a contract that has been valid and enforceable at all times relevant hereto.

25. ZoomInfo performed its obligations pursuant to the Agreement.

26. By providing ZoomInfo Data to third parties upon terms prohibited by the Agreement, Salutary acted in bad faith to deprive ZoomInfo of the value of its proprietary and commercially valuable data.

27. Salutary's actions as described herein have damaged and continue to damage ZoomInfo.

## Count III

### (Misappropriation of Trade Secrets – Mass. Gen. Laws Ch. 93, § 42 *et seq*.)

28. ZoomInfo's allegations above are incorporated herein by reference as if fully set forth herein.

29. ZoomInfo curates a database of commercially valuable information, expending substantial time, labor, and expense to do so. ZoomInfo's database and the information contained therein comprise a compilation of business information.

30. The compilation of information in ZoomInfo's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by ZoomInfo to access the database.

31. ZoomInfo takes reasonable measures to protect and keep the information in its database secret. These measures include limiting access to those customers who agree to the terms of access in ZoomInfo's licensing agreements, requiring password authentication to access ZoomInfo's platform through its secure online portal, and prohibiting customers from the unauthorized sharing of data from the database. ZoomInfo also employs a number of mechanisms to monitor access to the database and use of its information to further ensure its security. ZoomInfo takes legal action against those who misappropriate its trade secrets where necessary to protect its rights.

32. Salutary used improper means to disseminate ZoomInfo's data to third parties in violation of its license with ZoomInfo and in violation of Mass. Gen. Laws Ch. 93, § 42 *et seq*. Salutary knew, or had reason to know, at the time it disseminated the ZoomInfo Data to these third parties, that doing so violated the terms of the Agreement and impaired the value of ZoomInfo's trade secrets.

33. Salutary's conduct was willful and malicious.

34. ZoomInfo has been damaged because of Salutary's improper disclosure of its trade secrets to competitors.

## Count IV
### (Misappropriation of Trade Secrets – 18 U.S.C. § 1832, *et seq*.)

35. ZoomInfo's allegations above are incorporated herein by reference as if fully set forth herein.

36. ZoomInfo curates a database of commercially valuable information, expending substantial time, labor, and expense to do so. ZoomInfo's database and the information contained therein comprise a compilation of business information.

37. The compilation of information in ZoomInfo's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by ZoomInfo to access the database.

38. ZoomInfo takes reasonable measures to protect and keep the information in its database secret. These measures include limiting access to those customers who agree to the terms of access in ZoomInfo's licensing agreements, requiring password authentication to access ZoomInfo's platform through its secure online portal, and prohibiting customers from the unauthorized sharing of data from the database. ZoomInfo also employs a number of mechanisms to monitor access to the database and use of its information to further ensure its security. ZoomInfo takes legal action against those who misappropriate its trade secrets where necessary to protect its rights.

39. Salutary used improper means to disseminate ZoomInfo's data to third parties in violation of its license with ZoomInfo and in violation of 18 U.S.C. § 1832, et seq. Salutary knew, or had reason to know, at the time it disseminated ZoomInfo Data to these third parties, that doing so violated the terms of the Agreement and impaired the value of ZoomInfo's trade secrets.

40. Salutary's conduct was willful and malicious.

41. ZoomInfo has been damaged because of Salutary's improper disclosure of its trade secrets to competitors.

**WHEREFORE,** Plaintiff ZoomInfo respectfully requests the following relief:

a) Grant a permanent injunction:

   a. enjoining Salutary from disclosing ZoomInfo's data to any companies that provide ZoomInfo's data to others; and

   b. requiring Salutary to exercise any contractual or other rights it possesses to have Customer Subscribers remove ZoomInfo Data from the possession and control of such Customer Subscribers where ZoomInfo Data has been provided in violation of the Agreement or the laws of Massachusetts and the United States;

b) Enter judgment against Salutary on all counts of this Complaint;

c) Order Salutary to provide ZoomInfo with the names of the customers it redacted from the information provided to ZoomInfo during the audit and their related pricing information;

d) Award ZoomInfo money damages in an amount to be determined at trial;

e) Award ZoomInfo exemplary damages and reasonable attorneys' fees for Salutary's willful and malicious dissemination of ZoomInfo trade secrets;

f) Award ZoomInfo its costs;

g) Award ZoomInfo pre- and post-judgment interest;

h) Grant such other relief as may be just and proper;

## **JURY DEMAND**

ZoomInfo demands a jury trial on all claims so triable.

Respectfully submitted this 8th day of March, 2021.

**Plaintiff,**
**ZoomInfo Technologies LLC**

By its attorneys,

*/s/ William J. Egan*
William J. Egan (BBO #636128)
Julianna M. Charpentier (BBO #703286)
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108
(617) 557-5900
wegan@rc.com
jcharpentier@rc.com

and

Darin Sands (*pro hac vice* application to be submitted)
Bradley Bernstein Sands LLP
1425 SW 20th Ave., Suite 201
Portland, OR 97201
(971) 998-4751
dsands@bradleybernsteinllp.com